UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACKIE A. STONER,

    Plaintiff,

v.                                            Case No.  8:04-CV-2465-T-30MAP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court upon a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) and supporting documentation filed by Plaintiff's counsel (hereinafter "Petitioner") (Dkt. 23) and the Government's response thereto (Dkt. 25). Petitioner seeks attorney's fees for services provided to Plaintiff in connection with his claim for Disability Insurance Benefits ("DIB") (see Dkt. 1).

Fees were previously granted under the Equal Access to Justice Act ("EAJA"), see Dkt. 20. Petitioner requests an award of $8,855.00 for work before the Court less the amount paid by EAJA of $3,505.99, for a net of $5,349.01. The Government does not object to the amount of $8,855.00, but does object to the manner of payment sought. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) (second alteration in original)); Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

In his initial fee agreement, Plaintiff agreed that:

As compensation for my representative's services, I agree to pay my representative a fee computed by the attorney's prevailing rate less any fees obtained pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. [§]2412. I agree to pay a deposit of $200.00 for the payment of costs and fees and shall pay additional deposits upon request by my said attorney. I understand that my said attorney will not use any deposits towards said fees until approved either by the Social Security Administration or by the Federal Court.

Dkt. 17, Attach., Authority to Represent. Plaintiff avers that in the most recent contingency fee agreement he executed, he "agreed to payment of 25% up to $5300.00 to [his] attorney . . . for his representation . . . after remand" (Dkt. 22, Ex. D). The Social Security Administration approved Plaintiff's contingency fee agreement and withheld $5,300.00 for attorney's fees from his past-due benefits award of $135,919.00 (Dkt. 22, Ex. B).

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a social security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded. Thus, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. The attorney "must show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F.Supp.2d 1380, 1383 (S.D.Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was excessive delay by the attorney, the size of the award in relationship to the time

spent on the case, the quality of representation, and "the risk that the claimant would not prevail." Id.; see Gisbrecht, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee is reasonable. Here, Plaintiff and his counsel agreed to attorney's fees at the attorney's prevailing rate. Counsel spent a total of 25.3 hours[1] representing Plaintiff before the Court. See Dkt. 23, Ex. A. In light of the time spent on the case and the amount of the back benefits awarded Plaintiff, the requested fee is not so large as to result in a windfall for Plaintiff's counsel. See Vilkas v. Comm'r of Soc. Sec., Case No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D.Fla. May 14, 2007) (report and recommendation of magistrate judge) (finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); Thomas v. Barnhart, 412 F.Supp.2d 1240, 1244 (M.D.Ala. 2005) (citing Claypool v. Barnhart, 294 F.Supp.2d 829 (S.D.W.Va. 2003), wherein $1,433.12 per hour was permitted); Yarnevic v. Apfel, 359 F.Supp.2d 1363, 1365-66 (N.D.Ga. 2005) (allowing $643 per hour). Further, a review of the record makes clear that counsel's representation was not substandard, and recovery was not guaranteed. Thus, the Court finds the fee sought is reasonable.

It is therefore **ORDERED AND ADJUDGED** that:

1.  Petitioner's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. 23) is **GRANTED**. Petitioner should be awarded attorney's fees in the amount of $8,855.00. It

---

[1] The Court has previously determined that 4/10 of an hour billed by Petitioner was attributable to secretarial duties he performed rather than legal services, see Dkt. 20.

appearing that the Social Security Administration may no longer retain the funds, it is contemplated Plaintiff will, as necessary, tender the appropriate amount to his attorney.

2. Upon receipt of attorney's fees in the amount of $8,855.00 pursuant to 42 U.S.C. § 406(b), Petitioner shall immediately refund to Plaintiff the previously awarded EAJA sum of $3,505.99.

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-CV-2465 Attorney fee.wpd